IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WORLD LAW PROCESSING, LLC, et al., § § § Plaintiffs, § § § vs. § § MARGARET L. WEAVER., § § Defendant. § | Civil Action No. 4:14-CV-_____ |

## NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. § 1441, et seq., Defendant Margaret L. Weaver, ("Weaver") files this Notice of Removal ("Notice") of a civil action filed in the 334th Judicial District in Harris County, Texas by Plaintiffs World Law Processing, LLC, and Orion Processing, LLC, ("Plaintiffs"), against Weaver, styled *World Law Processing, LLC, et al., v. Margaret L. (Lynne) Weaver, an individual*; In the 334th Judicial District Court of Harris, County, Texas (the "Lawsuit").

### I. DIVERSITY JURISDICTION

2. The Plaintiffs commenced this Lawsuit against Weaver upon the unfounded basis that Weaver committed torts against Plaintiffs merely by mailing to Texas subpoena(s) from the State of North Carolina for a lawsuit pending in that state.

**A. The Parties are Citizens of Different States.**

3. The Lawsuit involves a controversy among citizens of different states:

(a)     Plaintiff World Law Processing, LLC, ("World Law") is a Delaware entity which alleges that its principal place of business is in Texas.  For purposes of diversity jurisdiction, World Law is a citizen of Delaware and Texas.

(b)     Plaintiff Orion Processing, LLC, ("Orion") is a Texas entity with its principal place of business in Texas.  For purposes of diversity jurisdiction, Orion is a citizen of Texas.

(c)     Defendant Weaver is an individual resident of the State of North Carolina.  She works for the Attorney General of the State of North Carolina, in the North Carolina Department of Justice.  For purposes of diversity jurisdiction, Weaver is a citizen of North Carolina.

**B.     The Amount in Controversy Exceeds $75,000.**

4.     The Lawsuit involves an amount in controversy exceeding $75,000.  Although Plaintiffs' Original Petition does not specify an amount in controversy, it is "facially apparent" from the nature of the causes of action brought and the damages sought by Plaintiffs  that the case exceeds $75,000.  *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 198-99 (E.D. Tex. 2000) (finding defendant showed "it is more likely than not" amount in controversy exceeded $75,000 in case involving fraud claim and seeking "an array of damages," including actual damages, exemplary damages, and attorneys' fees.).

5.     The Plaintiffs' Original Petition asserts causes of action against Weaver for (a) fraud, (b) intentional interference with contractual "and/or" beneficial business relationships, and (c) breach of fiduciary duty by way of wrongful disclosure of confidential and privileged information.  The Plaintiffs seek an array of damages for these causes of action, including "exemplary and punitive damages" and "attorney's fees, costs, and expenses."  *See* Exhibit 1B ¶¶ 16, 24, 28 in Index attached as Exhibit 1; *id*. (recognizing courts are to consider actual damages, exemplary damages, punitive damages, and attorneys' fees in determining the jurisdictional

amount for diversity jurisdiction); *Troiani v. Allstate Ins. Co.*, CIVA B-06-00067, 2006 WL 1851378 (S.D. Tex. July 3, 2006) (considering actual damages, exemplary damages, and attorney's fees in finding jurisdictional limit met); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253, n.7 (5th Cir. 1998) (recognizing "[p]unitive damages can be included to reach the amount in controversy requirement") (internal citation omitted); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) (noting actual and punitive damages "must be considered to the extent claimed in determining jurisdictional amount.").

6. In addition, the Plaintiffs' claims that Weaver's actions were "willful, wanton, malicious, and oppressive" support a finding that the amount in controversy exceeds $75,000. *Maley*, 125 F. Supp. 2d at 199 (finding claims that defendant's actions were "intentional, willful and wanton" and "done with evil intent" "buttress a finding of the requisite amount in controversy.").

7. Accordingly, from the face of the Original Petition, it is more likely than not that the Plaintiffs' claims exceed $75,000.

8. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, the Lawsuit is removable to the United States District Court under 28 U.S.C. §§ 1441(b) and 1332 based on diversity jurisdiction.

## II.  REMOVAL IS TIMELY

9. This Notice is timely filed within 30 days of Plaintiffs serving their Original Petition upon Weaver on or about July 30, 2014.  28 U.S.C. § 1446(b).  The Original Petition was the first pleading from which Weaver could ascertain that the claims asserted in this matter were removable.

### III. STATE COURT NOTIFICATION

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on all counsel-of-record and filed with the clerk of the 334th Judicial District Court of Harris County, Texas.

11. The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the State Court Action is now pending. Accordingly, this is a proper Court to receive this removed case. 28 U.S.C. § 1441(a).

### IV. STATE COURT RECORDS

12. A true and correct copy of all process, pleadings, and orders filed in the State Court Action is being filed with the Notice of Removal, as required by 28 U.S.C. § 1446(a) and Local Rule 81. *See* Exhibits 1B, 1C.

13. In addition, pursuant to Local Rule 81, the following additional documents are being filed with this Notice of Removal:

    (a)    Index of matters being filed;

    (b)    Docket sheet; and

    (c)    List of all counsel-of-record, including addresses and telephone numbers.

*See* Exhibits 1, 1A, and 1D.

### V. CONCLUSION AND PRAYER

14. Weaver hereby removes the case styled *World Law Processing, LLC, et al., v. Margaret L. (Lynne) Weaver, an individual*; In the 334th Judicial District Court of Harris, County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Weaver prays that the Court take jurisdiction of the action to the exclusion of any further proceedings in the State Court Action in accordance with law.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By:  */s/ Jeffrey R. Parsons*
    **Jeffrey R. Parsons**
    Texas Bar No. 15547200
    Federal Id No. 2411
    1300 Post Oak Blvd., Suite 2500
    Houston, Texas  77056-3000
    Telephone: (713) 623-0887
    Facsimile:  (713) 960-1527
    jparsons@bmpllp.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT MARGARET L. WEAVER**

OF COUNSEL:

**Meagan P. Wilder**
Texas Bar No. 24076769
Federal ID No. 1550940
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056
Telephone: (713) 623-0887 (Tel.)
Facsimile:  (713) 960-1527 (Fax)
mglover@bmpllp.com

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served on the following by certified mail, return receipt requested or by messenger delivery on August 21, 2014.

Lingling Dai
The Dai Law Firm, PLLC
5100 Westheimer Road, Suite 200
Houston, Texas 77056
Telephone: (832) 324-5291
Facsimile:  (713) 588-2396

                /s/  Meagan P. Wilder